IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00094-CV

 

Van Lee Brewer,

                                                                      Appellant

 v.

 

Jason Simental, TOWNSEND, D.

DUKE,
J. TAYLOR, L. LEWIS, R. 

LOSACK,
J.D. SEIGLE AND C. DAVIS

                                                                      Appellees

 

 



From the 278th
District Court

Walker County, Texas

Trial Court No. 23325

 



DISSENTING Opinion










 

          The problems with the majority’s order
are numerous and pervasive.  To reach the result, they must go outside the
record that is properly before us and rely upon a proceeding and attachments
thereto filed with the Texas Supreme Court.  The documents that are properly in
this proceeding clearly indicate that there was a contest to the affidavit of
indigence.  If the affidavit of indigence was filed in the trial court, the
determination of indigence is to be made in the trial court, not this Court. 
If the affidavit of indigence has not been filed in the trial court, because of
the district clerk’s refusal to accept what it may believe is a non-compliant
affidavit, the remedy for that is not by a direct appeal but rather would be a
mandamus of the district clerk filed with the district court.  Finally, if the
affidavit has been filed with the appellate court clerk, there is no indication
in this file that the appellate court clerk has complied with the requirements
of Rule 20.1(d)(2).  Tex. R. App. P.
20.1(d)(2).

          There are other problems, but it is
pointless for me to attempt to obtain a correct ruling and I will simply step
out of the way of the train.  I dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed May 23, 2007